United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carolyn Louise Miller, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-62639-Civ-Scola |
| Balearia Caribbean Ltd., Corp., | ) |
| One 1994 252' High Speed Craft, | ) |
| Defendants. | ) |

## Opinion Order on Motions to Dismiss

This case arises from injuries allegedly sustained by Plaintiff Carolyn Louise Miller ("Miller") when she slipped and fell aboard *in rem* Defendant One 1994 252' High Speed Craft known as JAUME I (the "Vessel"), a marine ferry owned and operated by Defendant Balearia Caribbean Ltd., Corp. ("Balearia").

The Vessel and Balearia separately move to dismiss (the "Motions," ECF Nos. 21, 22). Having considered the parties' submissions and the applicable law, the Court **grants** Balearia's motion (**ECF No. 22**) and **grants in part and denies in part** the Vessel's motion (**ECF No. 21**).

### 1. Factual Background

Balearia owns and operates the Vessel, a ferry that transports passengers between the Bahamas and the United States. (ECF No. 18 at ¶¶ 3, 4.) Miller, a resident of the Bahamas, was a passenger on the Vessel during a November 5, 2017, voyage from Grand Bahama to Fort Lauderdale, Florida. (*Id.* at ¶¶ 2, 8.) She is an "individual with a physical disability as defined in 42 U.S. Code § 12102(1)." (*Id.* at ¶¶ 27, 40.) During the voyage, Miller slipped on "a transient substance on the floor" of a Vessel lavatory causing her to fall and injure her back. (*Id.* at ¶¶ 11, 13.)

Miller filed this lawsuit on November 1, 2018, and after once amending, now asserts four causes of action against the Defendants: (1) Count I for negligence against Balearia, (*id.* at ¶¶ 9-15); (2) Count II for negligence against the Vessel, which, essentially, is a verbatim recitation of Count I, (*id.* at ¶¶ 16-23); (3) Count III for "Per Se Violations of the Americans with Disabilities Act" ("ADA") against Balearia, (*id.* at ¶¶ 24-36); and (4) Count IV for "Per Se Violations of the Americans with Disabilities Act" against the Vessel, which appears to be Count III copied, pasted and brought against the Vessel *in rem*, (*id.* at ¶¶ 37-49).

The Vessel moves to dismiss. (ECF No. 21.) In support of its motion, the Vessel argues: (1) Counts II and IV, asserted *in rem*, fail Supplemental Admiralty

Rule (C)(2)(a) and S.D Fla. Local Admiralty Rule C(1) because the amended complaint is not verified, (ECF No. 21 at pp. 3-4); (2) the negligence count should be dismissed because a ship, *in rem*, owes no legal duty to its passengers as is necessary to support a maritime negligence claim, (*id.* at pp. 4-5); and, similarly, (3) the Vessel, "an inanimate object," "cannot be held liable for money damages for breaching duties that animate beings, such as individuals and/or commercial entities owe to disabled individuals pursuant to the ADA," (*id.* at pp. 6-7).

Separately, Balearia seeks dismissal of Count III, the ADA claim, arguing that Miller fails to allege any facts plausibly supporting her conclusory allegation that she is an "individual with a physical disability" under the ADA. (ECF No. 22.)

## 2.    Motion to Dismiss Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3.    Analysis

The Court dismisses Counts III and IV for "Per Se Violations of the Americans with Disabilities Act" against Balearia and the Vessel, respectively. "The first element of a Title III claim is that the plaintiff must have a disability." *A.L. by and through D.L. v. Walt Disney Parks and Resorts US, Inc.*, 900 F.3d 1270, 1290 (11th Cir. 2018). Miller fails to factually allege this element. (*See* ECF No. 18 at ¶ 27, 40 (concluding that Miller is an "individual with a physical disability as defined in 42 U.S. Code § 12102(1).").) Balearia put Miller on notice of this pleading deficiency in its first motion to dismiss. (ECF No. 12.) But no facts are alleged in the Amended Complaint detailing Miller's claimed disability. (ECF No. 18.) Contrary to Miller's belief, the Health Insurance Portability and Accountability Act does not relieve her from alleging facts plausibly supporting her entitlement to relief under the ADA. Indeed, by invoking the ADA, Miller made

relevant the nature of her disability. Claims cannot survive dismissal on mere "labels and conclusions" and Miller was required to plead facts about her disability to state a claim for relief under Title III of the ADA. *Twombly*, 550 U.S. at 555; *A.L.*, 900 F.3d at 1290. She did not and Counts III and IV[1] are **dismissed without prejudice** and **without leave to amend**. *See Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."); *Long v. Satz,* 181 F.3d 1275, 1279-80 (11th Cir. 1999).

The Vessel's request to dismiss Count II is denied. First, Miller submitted a signed verification page (ECF No. 25) thus mooting the Vessel's arguments for dismissal under Supplemental Admiralty Rule (C)(2)(a) and S.D Fla. Local Admiralty Rule C(1), (ECF No. 21 at pp. 3-4). Second, Miller may pursue a negligence claim *in rem* against the Vessel. Rule (C)(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions permit actions *in rem* to "enforce any maritime lien." That Rule expressly provides that "[e]xcept as otherwise provided by law a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable." *Id.* To that end, a "vessel is an 'entity apart from its owner' that 'is liable for torts,' and a maritime tort gives the victim a lien against the vessel 'by operation of the general maritime law.'" *Minnott v. M/Y Brunello*, 891 F.3d 1277, 1284 (11th Cir. 2018) (alterations and citation omitted; quoting *Merchants Nat'l Bank of Mobile v. Dredge Gen. G. L. Gillespie*, 663 F.2d 1338, 1345 (5th Cir. Unit A Dec. 1981)). "This 'lien is created as soon as the claim comes into being,' and the 'principle of an automatic lien is equally applicable to all claims which can be enforced in admiralty against the ship, whether arising out of tort or of contract.'" *Id.* (alterations omitted; quoting *The John G. Stevens*, 170 U.S. 113, 117 (1898)). Accordingly, a maritime lien on the Vessel existed once Miller's negligence claim "c[ame] into being," and Miller may seek to enforce that lien against the Vessel, *in rem*, in addition to its claim against Balearia, the Vessel's owner, *in personam. Id.*; Suppl. Adm. R. (C)(1).

4.    **Conclusion**

In sum, the Court **grants** Balearia's motion to dismiss (**ECF No. 22**) and **grants in part** the Vessel's motion to dismiss (**ECF No. 21**). Counts III and IV are dismissed without prejudice and without leave to amend. The Defendants shall answer the amended complaint by **July 1, 2019.**

---

[1]    Because Counts III and IV are carbon copies, the pleading deficiencies identified by Balearia in Count III apply equally to Count IV against the Vessel.

Further, the Court **strikes** the jury demand, as Miller asserts only federal admiralty jurisdiction, which is incompatible with her request for a jury trial. (ECF No. 18 at ¶ 5); *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1366 (11th Cir. 2018). The **Clerk** is instructed to amend the docket sheet to reflect that the jury demand was stricken.

**Done and ordered**, in Chambers, at Miami, Florida on June 18, 2019.


_____
Robert N. Scola, Jr.
United States District Judge